# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BARNARD and RITA BARNARD, | 2:03-CV-01524-RCJ-(LRL) |
| Plaintiffs, | |
| v. | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendants. | |

This is an excessive force case. Plaintiffs Charles and Rita Barnard, ("Plaintiffs"), sued Defendants Las Vegas Metropolitan Police Department and Officers Gary Clark, Greg Theobald, and Steven Radmanovich, ("Defendants"), alleging several state and federal claims based on mistaken arrest and use of excessive force. Presently before the Court is Plaintiffs' Emergency Motion to Reconsider (#110). Defendants filed a response (#112) and Plaintiffs replied (#114). The Court held a hearing on April 26, 2010. The Court now issues the following order. IT IS HEREBY ORDERED that Plaintiffs' Emergency Motion to Reconsider (#110) IS GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

This matter arises out of Defendants alleged use of excessive force against Charles Barnard on December 12, 2001. Discovery in this case officially ended on October 20, 2006 and was extended 30 days. On March 9, 2007, this Court granted summary judgment for Defendants. The Ninth Circuit affirmed in part and reversed in part. On January 26, 2010, this

Court granted summary judgment in favor of Defendants on all state-law claims. This case is set for trial on May 4, 2010.

On April 12, 2010, Plaintiffs moved to reopen discovery and continue the trial because Charles Barnard's medical condition had deteriorated, requiring him to undergo surgery and preventing him from returning to work. Plaintiffs admit that at least part of his medical deterioration may be due to his involvement in a car accident. On April 15, 2010, the Court denied Plaintiffs' motion. Plaintiffs now move the Court to reconsider its denial of their motion.

## II.  LEGAL STANDARD

Plaintiffs move for reconsideration under the authority of Federal Rule of Civil Procedure 59(e) and 60(b)(6). Neither of these rules applies because the denial of Plaintiff's motion to reopen discovery and continue the trial was not a final judgment or order.[1] The Court may, however, consider Plaintiff's motion under its inherent authority to reconsider its interlocutory orders.

"[T]he trial court has the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment." *Meas v. City and County of San Francisco*, __ F. Supp. 2d __, No. C 08-4075, 2010 WL 334455, at *14 (N.D. Cal. Jan. 28, 2010). Furthermore, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P.

---

[1] Rule 59(e) allows for motions to "alter or amend a judgment." Fed. R. Civ. P. 59(e). A Rule 59(e) motion may only be brought to amend or alter a final judgment or appealable interlocutory order. *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000); *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466–67 (9th Cir. 1989).
Rule 60(b)(6) allows for motions to "relieve a party or its legal representative from a final judgment, order, or proceeding" for any reason that justifies relief. Fed. R. Civ. P. 60(b). Though Rule 60(b) is susceptible to a reading that allows for relief from non-final orders and proceedings, the courts have rejected such a reading. "Rule 60(b) does not provide relief from judgments, orders, or proceedings that are not final decisions within the meaning of 28 U.S.C. § 1291, which generally cannot be appealed immediately." *Meas v. City and County of San Francisco*, __ F. Supp. 2d __, No. C 08-4075, 2010 WL 334455, at *14 (N.D. Cal. Jan. 28, 2010); *see also Martin*, 226 F.3d at 1048 n.8 (noting "Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders").

2

54(b). A district court has "inherent jurisdiction to modify, alter, or revoke" a non-final order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). Under the law of the case doctrine, a district court may depart from its prior decision if: (1) it was clearly erroneous, (2) an intervening change of law has occurred, (3) evidence is substantially different on remand, (4) other changed circumstances exist, or (5) manifest injustice would otherwise result. *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). A district court abuses its discretion if it alters its prior order absent the above considerations. *Id.* "A motion to reconsider is an extraordinary remedy warranted only under special circumstances. " *Winnemucca Farms, Inc. v. Eckersell*, 2009 WL 1328870, at *1 (D. Nev May 12, 2009) (Mag.). "A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend and a party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute 'newly discovered evidence' unless they were previously unavailable." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (internal citations omitted) (discussing motions for reconsideration under Rules 59(e) and 60(b)). Similarly, a motion to reconsider is properly denied when the movant raises no arguments not raised during the briefing of the motion. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

### III. ANALYSIS

Plaintiffs argue that the Court should reconsider its order denying their motion to reopen discovery and to continue the trial based on new information. Plaintiffs ask the Court to reopen discovery for six months and continue the trial for six months. Charles Barnard's treating physician, Dr. William Smith, is attending a conference in Greece from May 5, 2010, to May 22, 2010. Therefore, he will be unable to testify at the trial. Plaintiffs discovered this after filing their motion to reopen discovery and continue trial. Though Dr. Smith has been deposed, Plaintiffs argue that Dr. Smith's attendance is necessary because Dr. Smith also treated Charles Barnard for injuries due to a car accident that occurred after the deposition. Plaintiff contends that his testimony is necessary to disentangle damages due to the incident with Defendants and damages due to the car accident. Plaintiffs also assert that Dr. Smith's

3

absence may require Charles Barnard to seek treatment in Los Angeles, California if he cannot arrange treatment with Dr. Smith before he goes abroad. Additionally, Plaintiffs assert that Charles Barnard is in severe pain and on heavy narcotics for his pain, impairing his reasoning and frustrating his counsel's ability to communicate with him. Plaintiffs finally assert that their economic expert informed their counsel that an economic expert and life care planner would be needed based on information not known at the time Plaintiffs' filed their motion to reopen discovery and continue trial. The only "new information" alleged is that Charles Barnard would be undergoing surgery for ongoing medical problems.

Defendants do not oppose continuance of the trial if Charles Barnard has a medical procedure that conflicts with the current trial date or if Charles Barnard is unable to be lucid when he attends trial. But Defendants oppose the reopening of discovery. If the Court reopens discovery, Defendants aks the Court to allow them to conduct discovery to explore Charles Barnard's neck injury, subsequent treatment, workers compensation claims, co-worker's perceptions, and related matters. Plaintiffs agree that if discovery is reopened, Defendants should be allowed to take more general depositions, depositions regarding Charles Barnard's neck injury, retain an independent medical examination, and obtain experts to rebut Plaintiffs' accountant and life care planner.

Plaintiffs are essentially arguing for reconsideration based on changed circumstances. Plaintiffs' assertions of changed circumstances suggest continuance of trial, not reopening of discovery. Though Plaintiffs assert that new information led them to conclude they need an economics expert and life care planner, the new information is simply that Charles Barnard' medical problems were ongoing and would require surgeries. Plaintiffs made this argument in their original motion. Plaintiffs add nothing to their argument for reopening discovery that was not present in their emergency motion to reopen discovery and continue the trial. Plaintiffs should have anticipated the need for discovery regarding future economic and

medical damages long ago.[2] More information regarding ongoing medical conditions can always be gained by conducting more and more discovery as time goes on, but at some point, the trial must be held. Therefore, the Court will not reconsider its decision not reopen discovery.

But, Plaintiffs have raised new circumstances that support a reconsideration of the denial of continuation of the trial date. One of Plaintiffs' key witnesses, Dr. Smith, is unavailable through May 22, 2010. Plaintiffs have also suggested that Charles Barnard may seek treatment within approximately three weeks and may not be able to participate in settlement or trial prior to treatment due to his severe pain and the effects of the narcotics he takes to cope with the pain. Plaintiffs have shown good cause to continue the trial. Therefore, though the Court will not reopen discovery, the Court will continue trial until September 21, 2010 at 8:30 a.m. with calendar call scheduled for September 13, 2010 at 8:30 a.m.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiffs' Emergency Motion to Reconsider (#110) IS GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that discovery shall not be reopened.

IT IS FURTHER ORDERED that the trial date, currently scheduled for May 4, 2010 is continued to September 21, 2010 at 8:30 a.m. with calendar call scheduled for September 13, 2010 at 8:30 a.m.

DATED: This 30th day of April, 2010.

Robert C. Jones
UNITED STATES DISTRICT JUDGE

---

[2] Defendants have produced a note purportedly written by Dr. Smith on June 22, 2006, stating that Dr. Smith doubts Charles Barnard will be able to find work given his medical condition. This suggests that Plaintiffs had notice of the need to conduct discovery related to future damages from unemployment before discovery closed in November 2006. However, the note is unauthenticated hearsay.

5