FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 27 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BARNARD et al., | ) |
| Plaintiffs, | ) |
| vs. | ) 2:03-cv-01524-RCJ-LRL |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT et al., | ) **ORDER** |
| Defendants. | ) |

This case arises out of a SWAT team raid of Plaintiffs Charles and Rita Barnard's home in Henderson, Nevada on December 8, 2001. Plaintiffs sued the Las Vegas Metropolitan Police Department and four officers thereof on seven causes of action: (1) Civil Rights Violations Pursuant to 42 U.S.C. § 1983 (Illegal Search and Seizure and Excessive Force Under the Fourth and Fourteenth Amendments); (2) Battery; (3) Intentional Infliction of Emotional Distress; (4) Civil Conspiracy; (5) Respondeat Superior; (6) Negligence; and (7) Loss of Consortium (Rita Barnard only). (*See* Am. Compl., May 26, 2004, ECF No. 10).

Judge Brian E. Sandoval granted summary judgment to Defendants. (*See* Summ. J. Order, Mar. 9, 2007, ECF No. 57). In an unpublished opinion, the Court of Appeals affirmed as to the illegal search and seizure and municipal liability claims, reversed as to the excessive force claim, and remanded the state law claims for an analysis of discretionary act immunity under *Martinez v. Maruszczak*, 168 P.3d 720 (Nev. 2007). (*See* Mem. Op., Feb. 4, 2009, ECF No. 70). The Court then granted summary judgment as to the state law claims after a *Martinez* analysis. (*See*

1  Summ. J. Order, Jan. 26, 2010, ECF No. 98). Plaintiffs filed a Notice of Appeal, but the Court of

2  Appeals has since granted Plaintiffs' voluntary dismissal of that appeal. (*See* Order and Mandate,

3  Apr. 5, 2010, ECF No. 106). Only a Fourth Amendment excessive force claim remains for trial.

4      Defendants filed a motion in limine to exclude evidence of medical bills related to

5  Plaintiff's neck injuries. (*See* Emergency Motion in Limine to Exclude Testimony of Medical

6  Bills Related to Alleged Neck Injury, ECF No. 127). The Court denied the motion verbally at a

7  September 16, 2010 hearing and indicated it would reserve ruling until trial, because there was

8  nothing to rule on—Plaintiff had not yet presented his evidence of causation of neck injuries at

9  trial, so the Court could not determine if there was any foundation for such evidence.

10     Defendants have now filed a repetitive, identical motion in limine. (*See* Mot., Oct. 19,

11 2010, ECF No. 130). Defendants contend, as they did before, that all evidence in the record

12 indicates Plaintiff's neck injuries were caused by a subsequent event and that no evidence

13 supports causation by Defendants. The Court cannot at this time be certain that none of

14 Plaintiffs' expert or percipient witnesses will testify at trial as to facts supporting a finding that

15 Defendants caused Plaintiff's neck injuries. If there is evidence of causation at trial, then

16 evidence of Charles Barnard's medical bills for his neck injuries will be relevant. On the other

17 hand, if Plaintiffs provide no evidence whatsoever at trial supporting a finding of causation as to

18 Barnard's neck injuries, Defendants may move for a judgment as a matter of law at the end of

19 Plaintiffs' case-in-chief, and the jury's province over the case will be narrowed accordingly. *See*

20 Fed. R. Civ. P. 50(a). At the present time, however, the Court will deny the motion in limine,

21 without prejudice.

22 ///

23 ///

24 ///

25 ///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion in Limine to Exclude Testimony of Medical Bills Related to Alleged Neck Injury (ECF No. 130) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: December 27, 2010

_____
ROBERT C. JONES
United States District Judge