✓ FILED          ___ RECEIVED
___ ENTERED      ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

JAN 2 1 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BARNARD et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LAS VEGAS METROPOLITAN POLICE ) <br> DEAPRTMENT et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 2:03-cv-01524-RCJ-LRL <br><br> ORDER |

This case arises out of a SWAT team raid of Charles and Rita Barnard's home in Henderson, Nevada on December 8, 2001. Plaintiffs sued the Las Vegas Metropolitan Police Department ("LVMPD") and four officers thereof on seven causes of action. (*See* Am. Compl., May 26, 2004, ECF No. 10). Judge Brian E. Sandoval granted summary judgment to Defendants. (*See* Summ. J. Order, Mar. 9, 2007, ECF No. 57). The Court of Appeals affirmed as to the illegal search and seizure and municipal liability claims, reversed as to the excessive force claim, and remanded the state law claims for an analysis of discretionary immunity under *Martinez v. Maruszczak*, 168 P.3d 720 (Nev. 2007). (*See* Mem. Op., Feb. 4, 2009, ECF No. 70). The Court then granted the ensuing summary judgment motion as to the state law claims after a *Martinez* analysis. (*See* Summ. J. Order, Jan. 26, 2010, ECF No. 98). Plaintiffs voluntarily dismissed their appeal of that order. (*See* Order and Mandate, Apr. 5, 2010, ECF No. 106). Only the Fourth Amendment excessive force claim remains for trial. Four motions in limine are before the Court.

## I. LEGAL STANDARDS

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed. 2009). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to

change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

## II. ANALYSIS

### A. Motion in Limine to Strike Expert Witness Designations (ECF No. 145)

Plaintiffs ask the Court to strike all of Defendants' expert witnesses for failure to comply with Rule 26(a)(2)(B)(i)–(vi). Plaintiffs concede three disclosures of experts but argue each disclosure was deficient in some way. First, Plaintiffs argue the designation served on June 2, 2004 identified Don Cameron as an expert but failed to include a list of cases in which he had testified and failed to include a statement of compensation. Second, Plaintiffs argue that the March 22, 2005 first supplement to the designation identified Dr. Firooz Mashood as an expert but that Dr. Mashood's report is not signed and that the disclosure does not include a list of publications, does not include a list of cases in which he had testified, and does not include a statement of compensation. Third, Plaintiffs argue that the April 7, 2009 second supplement to the designation contains a supplemental report by Dr. Mashood that is also unsigned.

The Court has broad discretion under Rule 37(c)(1) to exclude witnesses for incomplete disclosures. Plaintiffs do not allege failure to disclose a witness, so total exclusion of the witness is not required. The Court finds that the failure to disclose lists of publications and cases was harmless even if true. The failure of Dr. Mashood to sign his reports is also harmless even if true, because if Defendants wish to introduce the reports, Dr. Mashood will have to authenticate them under oath in any case. Only if Defendants attempt to have the reports introduced without the author's authentication will the lack of signature become important. Defendants should disclose before trial, however, any expert witnesses' compensation, which is relevant to impeachment.

**B.     Motion to Preclude Qualified Immunity as Defense (ECF No. 147)**

Plaintiffs ask the Court to preclude LVMPD from presenting qualified immunity as a defense. The motion is granted in part and denied in part. A municipality may not assert a qualified immunity defense against a constitutional claim. *Owen v. City of Independence*, 445 U.S. 622, 638 (1980). The motion is granted in this regard. Also, Plaintiffs are correct that the issue is not for the jury. However, the Court retains the ability to grant qualified immunity to the individual defendants despite the Court of Appeals' reversal of Judge Sandoval's grant of summary judgment on the issue.

The Court of Appeals indeed reversed Judge Sandoval's grant of qualified immunity on the excessive force claim under Rule 56(a). (*See* Order 7, Feb. 4, 2009, ECF No. 70). That ruling simply meant that Plaintiffs had made sufficient allegations and produced sufficient evidence at the pretrial stage such that it could not be said as a matter of law that a reasonable officer would not have known his actions violated Charles Barnard's rights. It remains entirely possible that at the close of Plaintiffs' case in chief, or at the close of all evidence, the Court will be able to say pursuant to a Rule 50(a) motion that Defendants are entitled to qualified immunity based on the evidence produced at trial. It is also possible that the Court could make such a ruling on reconsideration pursuant to a Rule 50(b) motion even after a verdict in favor of Plaintiffs (if the Court has received and denied a Rule 50(a) motion before jury deliberations). Rule 50 permits a court to grant judgment as a matter of law at the trial stage despite having denied summary judgment at the pretrial stage under Rule 56, at which point a court has less evidence before it. *St. Louis Convention & Visitors Comm'n v. NFL*, 154 F.3d 851, 860 (8th Cir. 1998).

In summary, if the evidence at trial supports a finding of qualified immunity, the Court may still enter judgment as a matter of law under Rules 50(a) or 50(b), though the question is not for the jury. *Tortu v. LVMPD*, 556 F.3d 1075, 1081 (9th Cir. 2009) (approving this Court's

refusal to include a qualified immunity instruction in an excessive force case but reversing and remanding for other reasons). In that case, this Court stated during a hearing on jury instructions:

> I don't think it's appropriate to give this [qualified immunity] instruction here. It's a matter for the Court if the jury concludes and comes back with a finding of liability. You're at liberty, either in the context of a motion for new trial or motion for judgment notwithstanding, to argue that th[e] second prong . . . has not been met by the plaintiff; that is, even though the jury found unreasonable use of force, that's the factual issue, it would be reasonable for an officer to conclude that the use of a strike to the groin in counteracting a resistance to arrest was a reasonable misinterpretation under the current case law . . . . [T]herefore, I've stricken this instruction and believe that the more appropriate place is either in a motion for summary judgment up front or in a motion for judgment notwithstanding or otherwise.

*Id.* (alterations in original).

### C. Motion to Strike Documentary Supplements (ECF No. 152)

Defendants move to exclude certain evidence of Charles Barnard's medical bills due to untimely disclosure on December 28, 2010, four years after the close of discovery. In response, Plaintiffs argue that some of the records at issue were timely produced previously, and that failure to produce the others was harmless. The Court grants the motion in part and denies it in part. The motion is granted, except as to the following records, which were timely produced elsewhere or were already in Defendants' possession based on their own disclosures: (1) the bills from Advance Pain noted under Tab 5 of Defendants' motion; (2) the Health Plan of Nevada records under Tab 6 of Defendants' motion; (3) the bills from Western Regional Brain and Spine dated prior to May 2006 under Tab 2 of Defendants' motion; and (4) the color photographs of Charles Barnard after his surgery. Although previously produced only in black-and-white, the failure to produce color photographs was harmless.

### D. Motion to Exclude Testimony (ECF No. 171)

Plaintiffs move to exclude the testimony of Tom Cicero and Venita Portillo for failure to timely disclose them as witnesses. The Court reserves its ruling on this motion until trial.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion in Limine to Strike Expert Witness Designations (ECF No. 145) is DENIED.

IT IS FURTHER ORDERED that the Motion to Preclude Qualified Immunity as Defense (ECF No. 147) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Motion to Strike Documentary Supplements (ECF No. 152) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated this 21st day of January, 2011.

_____
ROBERT C. JONES
United States District Judge