**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES BARNARD et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 2:03-cv-01524-RCJ-LRL |
| ) | |
| LAS VEGAS METROPOLITAN POLICE ) | **ORDER** |
| DEPARTMENT et al., ) | |
| ) | |
| Defendants. ) | |

This case arises out of a SWAT team raid of Plaintiffs Charles and Rita Barnard's home in Henderson, Nevada on December 8, 2001. Plaintiffs sued the Las Vegas Metropolitan Police Department ("LVMPD") and four officers thereof on seven causes of action: (1) Civil Rights Violations Pursuant to 42 U.S.C. § 1983 (Illegal Search and Seizure and Excessive Force Under the Fourth and Fourteenth Amendments); (2) Battery; (3) Intentional Infliction of Emotional Distress ("IIED"); (4) Civil Conspiracy; (5) Respondeat Superior; (6) Negligence; and (7) Loss of Consortium (Rita Barnard only). (*See* Am. Compl., May 26, 2004, ECF No. 10).

Judge Brian E. Sandoval granted summary judgment to Defendants. (*See* Summ. J. Order, Mar. 9, 2007, ECF No. 57). In an unpublished opinion, the Court of Appeals affirmed as to the illegal search and seizure and municipal liability claims, reversed as to the excessive force claim, and remanded the state law claims for an analysis of discretionary act immunity under *Martinez v. Maruszczak*, 168 P.3d 720 (Nev. 2007). (*See* Mem. Op., Feb. 4, 2009, ECF No. 70). The Court then granted the ensuing summary judgment motion as to the state law claims after a

*Martinez* analysis. (*See* Summ. J. Order, Jan. 26, 2010, ECF No. 98). Plaintiffs filed a Notice of Appeal (ECF No. 99), and the Court of Appeals granted Plaintiffs' voluntary dismissal of that appeal, (*see* Order and Mandate, Apr. 5, 2010, ECF No. 106). Only the excessive force claim was tried. The jury returned the following special verdict:

> 1. Did Charles Barnard forcibly resist when the officer Defendants attempted to handcuff him on December 8, 2001? [No.]
>
> 2. If your answer to Question 1 above is "No", did the officer Defendants make a reasonable mistake of fact that he was forcibly resisting arrest? [Yes.]
>
> 3. Did the following Defendants violate Charles Barnard's Fourth Amendment rights by using excessive force in seizing him in his home on December 8, 2001? [Yes as to all Defendants.]
>
> 4. What amount of damages did the defendants cause Charles Barnard to incur? [$2,111,656.52.]

(Verdict Form 1–2, Feb. 3, 2011, ECF No. 199). Defendants filed renewed motions for judgment as a matter of law based both on qualified immunity and lack of evidentiary support, and also for remittitur or a new trial. Plaintiffs moved for attorney's fees. The Court denied the renewed motions for judgment as a matter of law, granted the motion for remittitur or a new trial, and granted the motion for attorney's fees in part. The Court remitted the verdict to $1.61 million, and Plaintiff accepted, over his objection. The parties cross appealed, but Defendants also filed a timely motion to alter or amend judgment under Rule 59(e), asking the Court to amend the judgment to remove the award of pre- and post-judgment interest. With pre-judgment interest compounding annually at 3.25% from 2001 to 2011, the total comes to $2.21 million.

Defendants note that Plaintiff never requested pre- and post-judgment interest until submitting the proposed judgment and argue that interest is sometimes inappropriate on non-economic damages, especially with respect to awards for future pain and suffering. The Court agrees. Even assuming pre-judgment interest can be appropriate for past non-economic damages, *see Murphy v. City of Elko*, 976 F. Supp. 1359, 1364 (D. Nev. 1997), Plaintiff won a

general verdict in this case. The verdict form does not distinguish between past and future damages, or even between economic and non-economic damages, and application of interest to any portion of an award for future pain and suffering would be inappropriate where the jury was asked to return a verdict that would "reasonably and fairly compensate" Plaintiff, and the Court applied the same standard in its remittitur determination.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Alter or Amend Judgment (ECF No. 255) is GRANTED.

IT IS SO ORDERED.

Dated this 12th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge