1
2
3
4
                    **UNITED STATES DISTRICT COURT**
5
                        **DISTRICT OF NEVADA**
6
CHARLES BARNARD et al.,                    )
7                                          )
                    Plaintiffs,            )
8                                          )
        vs.                                )        2:03-cv-01524-RCJ-LRL
9                                          )
LAS VEGAS METROPOLITAN POLICE              )              **ORDER**
10 DEPARTMENT et al.,                      )
                                           )
11                  Defendants.            )
                                           )
12 ─────────────────────────────────────  )

13      This case arises out of a SWAT team raid of Plaintiffs' home.  Pending before the Court

14 is a Motion to Reconsider (ECF No. 271).  For the reasons given herein, the Court denies the

15 motion.

16 **I.      FACTS AND PROCEDURAL HISTORY**

17      Plaintiffs sued the Las Vegas Metropolitan Police Department ("LVMPD") and four

18 officers thereof on seven causes of action: (1) Civil Rights Violations Pursuant to 42 U.S.C.

19 § 1983 (Illegal Search and Seizure and Excessive Force Under the Fourth and Fourteenth

20 Amendments); (2) Battery; (3) Intentional Infliction of Emotional Distress; (4) Civil Conspiracy;

21 (5) Respondeat Superior; (6) Negligence; and (7) Loss of Consortium (Rita Barnard only). (*See*

22 Am. Compl., May 26, 2004, ECF No. 10).  Judge (now Nevada Governor) Brian E. Sandoval

23 granted summary judgment to Defendants. (*See* Summ. J. Order, Mar. 9, 2007, ECF No. 57).  In

24 an unpublished opinion, the Court of Appeals affirmed as to the illegal search and seizure and

25 municipal liability claims, reversed as to the excessive force claim, and remanded the state law

claims for an analysis of discretionary act immunity under *Martinez v. Maruszczak*, 168 P.3d 720

(Nev. 2007). (*See* Mem. Op., Feb. 4, 2009, ECF No. 70). The Court then granted the ensuing

summary judgment motion as to the state law claims after a *Martinez* analysis. (*See* Summ. J.

Order, Jan. 26, 2010, ECF No. 98). Plaintiffs appealed, and the Court of Appeals granted

Plaintiffs' voluntary dismissal of that appeal. (*See* Order and Mandate, Apr. 5, 2010, ECF No.

106). Only the excessive force claim was tried. The jury returned the following special verdict:

> 1.  Did Charles Barnard forcibly resist when the officer Defendants attempted to handcuff him on December 8, 2001? [No.]
>
> 2.  If your answer to Question 1 above is "No", did the officer Defendants make a reasonable mistake of fact that he was forcibly resisting arrest? [Yes.]
>
> 3.  Did the following Defendants violate Charles Barnard's Fourth Amendment rights by using excessive force in seizing him in his home on December 8, 2001? [Yes as to all Defendants.]
>
> 4.  What amount of damages did the defendants cause Charles Barnard to incur? [$2,111,656.52.]

(Verdict Form 1–2, Feb. 3, 2011, ECF No. 199).

Defendants filed renewed motions for judgment as a matter of law based both on

qualified immunity and lack of evidentiary support, and also for remittitur or a new trial.

Plaintiffs moved for attorney's fees. The Court denied the renewed motions for judgment as a

matter of law, granted the motion for remittitur or a new trial, and granted the motion for

attorney's fees in part. The Judgment, prepared by Plaintiffs, included prejudgment interest of

3.25% and post-judgment interest of 4%, without explanation as to the basis for those amounts.

Defendants asked the Court to amend the Judgment to omit interest, and the Court granted the

motion. The Court granted Plaintiffs attorney's fees of $189,303 and costs of $61,408.80.

The parties cross-appealed. The Court of Appeals affirmed the denial of the renewed

motions for judgment as a matter of law and the award of costs but reversed the order in part as

to attorney's fees, directing the Court to provide a more detailed explanation of the 40%

1   reduction in requested fees, directing the Court to award post-judgment interest, and directing the

2   Court to consider awarding prejudgment interest, noting that the Court may award prejudgment

3   interest upon that portion of damages the Court believes were "likely" given for past pain and

4   suffering and medical expenses.

5          On remand, and after detailed calculations, the Court awarded post-judgment interest on

6   the full amount of the verdict at the rate of 0.13%, and the Court awarded prejudgment interest

7   on the portion of the verdict attributable to past pain and suffering and medical expenses at the

8   same rate.  The Court reaffirmed that it believed the hours claimed by the law firm engaged

9   primarily in trial work, Gordon Silver were 40% in excess of what was reasonable, but the Court

10  noted that it should not have applied that rationale to Attorney Potter's pretrial work.  The Court

11  therefore increased the total award of attorney's fees from $189,303 to $231,839.40.  Plaintiffs

12  have asked the Court to reconsider the 40% reduction in Gordon Silver's fees, as well as the rates

13  at which the Court calculated interest.

14  **II.     DISCUSSION**

15         First, Plaintiffs ask the Court to reconsider its calculation of 0.13% for pre- and post-

16  judgment interest.  Plaintiffs argue that pursuant to 28 U.S.C. § 1961(a), the average 1-year

17  constant maturity Treasury yield for the calendar week preceding the date of judgment was

18  0.16%, not 0.13%.  Plaintiffs are partially correct.  The Court used the rate applicable to the

19  Amended Judgment upon remittitur (December 2, 2011 - 0.13%) as opposed to the rate

20  applicable to the original Judgment (August 5, 2011 - 0.16%).  The Court finds that because

21  Plaintiffs amended the appeal after entry of the Amended Judgment, and because the Court of

22  Appeals affirmed the Amended Judgment (as to damages) and issued its mandate thereupon, the

23  relevant date for interest on the damages is the date of the Amended Judgment. *See Planned*

24  *Parenthood of Columbia/Willamette Inc. v. Am. Coalition of Life Activities*, 518 F.3d 1013,

25  1017–18 (9th Cir. 2008).  The Court therefore declines to reconsider in this regard.

1    Second, Plaintiff argues that in calculating prejudgment interest the Court should not

2   have used the average 1-year constant maturity Treasury yield for the calendar week preceding

3   the date of judgment under 28 U.S.C. § 1961(a), but rather "the average interest rate for the years

4   2001 through 2011," which Plaintiff calculates at 2.21%.  Plaintiff's rationale is that the average

5   statutory interest rate from the time of injury to the time of judgment in this case exceeded the

6   applicable statutory rate at the time of judgment, and that Defendants should not reap the benefit

7   of the application of the lower rate.

8    The Court does not find sufficient cause to deviate from the Circuit's "strong policy in

9   favor or the Treasury bill rate." *See Blanton v. Anzalone*, 813 F.2d 1574, 1576 (9th Cir. 1987)

10   (citing *W. Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1288–89 (9th Cir. 1984)).

11   The *Western Pacific Fisheries* court noted that a district court could deviate from the statutory

12   rate if "the trial judge finds, on substantial evidence, that the equities of the particular case

13   require a different rate." 730 F.2d at 1289.  That case, however, occurred under extreme

14   circumstances in the early 1980s where real interest rates were near 20% but the judicially

15   awarded rate was 8%, such that the difference in prejudgment interest as calculated under the

16   different rates represented a significant fraction of the overall award.  By contrast, here, the

17   difference is only 2%.  Furthermore, there is no indication that Defendants purposely delayed

18   because the interest rate expected to be judicially awarded was less than the real cost of money,

19   which is the chief evil against which the statute is designed to guard. *See id.*

20    Third, Plaintiff again argues that all hours claimed were reasonable.  The Court declines

21   to reconsider in this regard.

22   ///

23   ///

24   ///

25   ///

1

**CONCLUSION**

2      IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 271) is DENIED.

3      IT IS SO ORDERED.

4  Dated this 17th day of April, 2014.

5

6      _____
       ROBERT C. JONES

7      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25