UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BARNARD et al.,           )<br>                                                          )<br>                    Plaintiffs,         )<br>                                                          )<br>         vs.                                        )<br>                                                          )<br>LAS VEGAS METROPOLITAN POLICE  )<br>DEPARTMENT et al.,                    )<br>                                                          )<br>                    Defendants.     )<br>_____ ) | 2:03-cv-01524-RCJ-LRL<br><br>**ORDER** |

This case arises out of a SWAT team raid of Plaintiffs Charles and Rita Barnard's home in Henderson, Nevada on December 8, 2001.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiffs sued the Las Vegas Metropolitan Police Department ("LVMPD") and four officers thereof on seven causes of action: (1) Civil Rights Violations Pursuant to 42 U.S.C. § 1983 (Illegal Search and Seizure and Excessive Force Under the Fourth and Fourteenth Amendments); (2) Battery; (3) Intentional Infliction of Emotional Distress; (4) Civil Conspiracy; (5) Respondeat Superior; (6) Negligence; and (7) Loss of Consortium (Rita Barnard only). (*See* Am. Compl., May 26, 2004, ECF No. 10).

Former Judge Brian E. Sandoval granted summary judgment to Defendants. (*See* Summ. J. Order, Mar. 9, 2007, ECF No. 57). In an unpublished opinion, the Court of Appeals affirmed as to the illegal search and seizure and municipal liability claims, reversed as to the excessive force claim, and remanded the state law claims for an analysis of discretionary act immunity

under *Martinez v. Maruszczak*, 168 P.3d 720 (Nev. 2007). (*See* Mem. Op., Feb. 4, 2009, ECF No. 70). The Court then granted the ensuing summary judgment motion as to the state law claims after a *Martinez* analysis. (*See* Summ. J. Order, Jan. 26, 2010, ECF No. 98). Plaintiffs appealed, and the Court of Appeals granted Plaintiffs' voluntary dismissal of that appeal. (*See* Order and Mandate, Apr. 5, 2010, ECF No. 106). Only the excessive force claim was tried. The jury returned the following special verdict:

> 1. Did Charles Barnard forcibly resist when the officer Defendants attempted to handcuff him on December 8, 2001? [No.]
>
> 2. If your answer to Question 1 above is "No", did the officer Defendants make a reasonable mistake of fact that he was forcibly resisting arrest? [Yes.]
>
> 3. Did the following Defendants violate Charles Barnard's Fourth Amendment rights by using excessive force in seizing him in his home on December 8, 2001? [Yes as to all Defendants.]
>
> 4. What amount of damages did the defendants cause Charles Barnard to incur? [$2,111,656.52.]

(Verdict Form 1–2, Feb. 3, 2011, ECF No. 199). Defendants filed renewed motions for judgment as a matter of law based both on qualified immunity and lack of evidentiary support, and also for remittitur or a new trial. Plaintiff moved for attorney's fees. The Court denied the renewed motions for judgment as a matter of law, granted the motion for remittitur or a new trial, and granted the motion for attorney's fees in part.

    The Court of Appeals affirmed the denial of the renewed motions for judgment as a matter of law and the award of costs but reversed in part as to attorney's fees, directing the Court to provide a more detailed explanation of the 40% reduction in requested fees, to award post-judgment interest, and to consider awarding prejudgment interest, noting that the Court may award prejudgment interest upon that portion of Plaintiff's damages the Court believes were "likely" given for past pain and suffering and medical expenses. On remand, the Court awarded both pre- and post-judgment interest at 0.13% under the then-existing precedent and applied its

previous 40% reduction in attorney's fees to fees only to trial work, awarding the requested fees in full for pretrial work. On appeal, the Court of Appeals ruled that the interests rates should be 0.16% and was still not satisfied with the Court's reasons for the 40% reduction in requested fees for trial work.

## II.     DISCUSSION

As previously explained, the total award for past pain and suffering and medical expenses was $606,207.63. At 0.16%, pre-judgment interest on this amount between December 8, 2001 and judgment on August 11, 2011, compounded on December 8 of each year, *see* 28 U.S.C. § 1961(b), is $9442.49. Post-judgment interest on the full award of $1,611,656.52 at 0.16% is $7.06 per day. Finally, it is clear at this point that the Court of Appeals prefers the Court to award the entire requested fees.

## CONCLUSION

IT IS HEREBY ORDERED that the Order of July 25, 2013 (ECF No. 267) is VACATED.

IT IS FURTHER ORDERED that the Judgment of August 11, 2011 (ECF No. 254) is AMENDED to provide for attorney's fees of $315,505, pre-judgment interest of $9442.49, and post-judgment interest of $7.06 per day beginning August 12, 2011.

IT IS SO ORDERED.

Dated this 22nd day of August, 2016.

_____
ROBERT C. JONES
United States District Judge